Please call the next case. Mr. Orlowski, yes, Judge. Thank you. Good morning, Judges. Daniel Orlowski for the Plaintiff Appellant Ellis. Are you going to have to speak up? I apologize. Please. You can raise the podium. Thank you, Judge. Judge, we're here today because it is our position that the District Court abused its discretion in dismissing Plaintiff's amended complaint with prejudice. And that's because under this Court's precedent, absent a pattern of failed attempts to state a cognizable claim, a pattern of intentional delay, or consummatious conduct, none of which exists in this record. I have to go back. The first thing I noticed when I looked at the record after reading the argument is the order did not say whether it was with or without prejudice. You assumed that in your motion. Why did you do that? There is some case law, Your Honor, that says that when a court does not delineate whether or not a case is dismissed with or without prejudice, that it is assumed with prejudice. I don't think that's consistent. There's consistency on that. Could you have asked for clarification from the Court? We could have. We filed a motion for reconsideration in which we asked for In which you said, why did you dismiss it with prejudice? Right. When the Court hadn't said that. And I didn't see any indication in the order. If it's Your Honor's position that it was dismissed without prejudice Raise that a little. I can't hear you. Sorry. If it's Your Honor's position that the case was dismissed without prejudice, we asked for, in our prayer for relief, we asked for any other relief that the Court deems appropriate in this matter. And so that is available for You argued that before. When? I'm sorry? You argued that in the initial briefing or in the motion? We said that we requested such other relief as the Court deems just and proper.  In both the motion for reconsideration and in our briefing before this Court as well. I'm not sure this is preserved. Assuming it was dismissed with prejudice, I'm not sure I follow your argument that it takes a pattern of egregious conduct. Is that really the 12B6 standard? We believe it is, Your Honor, in the context of a ruling that a plaintiff has failed to say a plausible claim for relief under Rule 8. There's the Clayton v. Whitehall case, which was a 12B1 case that Nike takes issue with because it was dismissed for lack of standing. And the president that this Court relied on in Clayton all dealt with a dismissal with prejudice in the context of a failure to prosecute a claim under Rule 41B. But we do cite a number of cases where this Court has said that only persistent violations of Rule 8 allow a district court to dismiss with prejudice. We cite the Michaelis v. Nebraska case, the Mangan case, and Larson v. Stowe. We cite those in our briefing. In Michaelis, this Court said that a plaintiff's deliberate persistence and refusal to comply with the requirements of Rule 8, despite adequate warning from the district court, justified dismissal with prejudice. Mangan said basically the same thing in light of the express warning from the district court and the opportunity afforded appellant to comply with Rule 8. We conclude that the district court did not abuse its discretion in holding that appellant's deliberate persistence in refusing to conform his pleadings to the requirements of Rule 8 justifies dismissal with prejudice. Nike didn't address this law in their briefing. And in the record before this Court, there is no evidence that there was any adequate warning from the court of a failure to comply with the requirements of Rule 8. There was no warning. In fact, that the judge's March of 2024 order dismissing the case was the first time we were alerted. I mean, there was a lot of warning because you had to file a First Amendment complaint. We did file an amendment complaint, Your Honor, and that was in response. Then you had to try to file another one. I mean, how many times does the court have to warn when the pleading keeps being inadequate? Well, the court never warned us, Your Honor. We filed a motion for – we filed an amendment complaint in response to Nike's initial motion to dismiss. The court never warned us that we failed to comply with Rule 8. The only – they didn't. The judge dismissed it with prejudice and said that we didn't comply with Rule 8. So it was too late. Wasn't that argued in the motion to dismiss? It wasn't? There was failure to state a claim? There was, Your Honor, but the case law says that you have to have adequate warnings from the court. There was no warning from the court. In response to the first motion to dismiss, you filed an amended complaint, right? Yes, we did, Your Honor. In response to the second motion to dismiss, you didn't do that. We asked for the second – Let me finish the question. I apologize. Didn't you basically elect to stand on that second – on the amended complaint? Yes, we did, at which point the judge did dismiss it with prejudice. And we also filed – we did file a motion for reconsideration and attached a proposed amended complaint as well to indicate what we would – After the decision was made? Yes. Yes, Your Honor. You could have done that before, right? We could have. And, you know, in hindsight, yes, we should have amended. But the fact of the matter is, under this court's law, we had never had a warning from the district court that we were – What case says there has to be a warning? There are Nicholas V. Nebraska State Bar Association, Mangan V. Weinberger – Wait, wait. They're all in our brief, Judge. Larson V. Stowe. I mean, they all say that ordinarily a complaint which fails to comply with Rule 8 may be dismissed after allowing time to file an amended complaint. Persistent violations of Rule 8, however, will justify dismissals. And so that's our –  I'm looking at your table of authorities. Well, there's Larson. 1994. That's hardly – there's a lot of water over the dam since that. Michael S. is 1983, Your Honor. Nicholas, 1983. And the claim case – I don't see that in your table of authorities. Larson V. Stowe is on 7, 10, and 20 pages. And then we – Mangan and Nicholas are there. And so, Your Honor, just so if I may, Nike is – they're trying to apply what we believe is an improper standard. They claim that the standard for dismissal under Rule 12b-6 – Nike is all over your reply brief. Yes, Judge. That's a little late. Well, we raised this argument before the district court. We raised it in our opening brief. Nike – I probably had this with or without prejudice issued 25 times since Michaelis. As far as I'm concerned, you must give notice and must have proof of pattern. That's not the law. Well, Your Honor, respectfully, the other cases – It's a lot more nuanced than that. Well, respectfully, we stand on our briefing. And if we can agree to disagree, obviously, you have your opinion. But I do want to just address the fact that, you know, Nike is trying to apply an improper standard for dismissal. They cite this pet quarters case throughout their briefing, and they say that in order – we filed an amended complaint or indicated in our court papers what a proposed amended complaint would say. And we did. We filed a motion for reconsideration under Rule 59 in precisely the manner in which this court has required in the In Re 2007 Novostar case. So we did. But, you know, regardless, again, it's our position that under this court's precedent, absent a pattern of failed attempts to state a cognizable claim, a court's dismissal of a complaint with prejudice without any adequate warning provided by the court to the plaintiff is clear error, and it is respectfully an abuse of discretion. And actually, Nike cites another case, this Knowles v. TD Ameritrade Holding Corp. That's actually a 2021 case, Your Honor. But that case actually supports our position. In that case, this court concluded in 2021 again, because the court allowed plaintiff appellant to amend his complaint multiple times and plaintiff appellant was still unable to plead his adequate claims, the district court did not abuse its discretion in dismissing the complaint with prejudice for failure to state a claim under Rule 8.2. So, again, here, the district court never allowed us – I hope if you'd slow down. Sorry, I apologize. And so, just to wrap up, Your Honor, judges, Nike has not presented any authority where this court found that a district court did not abuse its discretion in dismissing a complaint with prejudice for failure to plausibly state a claim without the court first expressly warning the plaintiff that the complaint failed to comply with Rule 8 prior to dismissal. And so, as such, Your Honor, it's our position – Matusik. I'm sorry? It was Matusik v. MidAmerican Energy, 2022. Is that in the Nike brief? No, it's just a little bit of research. Oh, okay. And that case, was that a recent case, Your Honor? 2022. Okay. Much more recent than anything you've cited. Okay. Well, I was not aware of that case, so we'll take it under advisement. As my time is up, thank you, judges. Mr. Panikowski? Good morning, Your Honors. May it please the Court. Stanley Panikowski for the appellees, Nike USA and Nike Retail Services. Your Honors, I would like to begin where appellant's counsel ended, which is that Nike did cite multiple cases where this court affirmed a dismissal with prejudice of a complaint under Rule 12b-6 where there was only one district court order stating that the claim was deficient. And, Your Honor, those cases are cited in the briefing Mitchell, Knowles, Headquarters, Rivera, Gomez, and Springdale, which is a case that appellant cited at page 8 of her opening brief. And in those cases, Your Honor, there is some variation in the procedural history. For example, in Mitchell, based on the district court docket in that case, there was only one complaint. And the district court dismissed that complaint with prejudice in this court affirmed. In Knowles, there was a procedural history that was more akin to the one in this case. The one difference, Your Honors, is that in Knowles, the plaintiff amended the original complaint as of right before the defendant had filed a responsive pleading or motion. But from that point forward, Your Honors, the procedural history in Knowles parallels the procedural history in this case. Do you know if in those cases, counsel, the dismissal with prejudice was based on futility or not? Your Honors, in those cases, there's no indication that those dismissals with prejudice were based on an express finding of utility. What we had in Knowles was a variety of claims that were dismissed for different reasons. One claim was dismissed because of preemption. Another claim was dismissed because it was vague and conclusory. Another because of the economic loss rule. And in Knowles, the district court did find futility because Knowles had been allowed to amend the complaint multiple times and Knowles still was unable to plead adequate claims. But there was still, Your Honor, only one ruling on a motion to dismiss in Knowles. Because just like here, in Knowles, it was the first amended complaint that the defendant moved to dismiss. Here it was the original complaint. In response to that first motion to dismiss, the plaintiff filed an amended complaint as a matter of course. And then the defendant filed a second motion to dismiss, both in Knowles and in this case. It does make a very big difference whether dismissal is based on futility because in that case, this court would review de novo. Otherwise, it's an abuse of discretion standard. Those are apples and oranges. Your Honor, it is correct that whether a denial of leave to amend is based on futility does make a difference. However, the appellant at page 22 of her reply brief made clear that she is not challenging the denial of leave to amend either pre-judgment or post-judgment. So what we have here, Your Honor, is simply the question of whether it was an abuse of discretion to dismiss with prejudice or without prejudice. Do we have any indication in the court's order whether it was based on futility or not? Your Honor, there is no indication in the district court's orders in this case that the denial of leave to amend or the dismissal with prejudice was based on an overt finding of futility like there was in Knowles. Do you think a district court can avoid de novo review by simply not stating the reason for its dismissal? No, Your Honor. That is not the case. But, Your Honor, the reason for the district court's denial of the belated post-judgment request for leave to amend was because appellant did not comply with this court's rule in Clayton and other cases that if you want to preserve an opportunity to amend your complaint in the event that the district court grants the motion to dismiss, you need to file a motion for leave to amend the complaint. You need to submit a proposed amended complaint, which the local rules of the Eastern District of Missouri also require, or at a minimum you need to explain the substance of your proposed amendments to give the district court an opportunity, Your Honor, to evaluate them for futility. The practical problem with that is that plausibility is sometimes in the eye of the beholder. And so the plaintiff is supposed to be the master of their complaint. But under your way of doing this and perhaps the district's way of doing this, it really makes the party filing the motion to dismiss the master of the complaint because it forces the plaintiff then to file an amended complaint or risk dismissal with prejudice before they know what the court thinks of the plausibility of their complaint. Your Honor, the plaintiff actually does retain control over the complaint because under the federal rules of civil procedure and also is put on notice by this court's case law, the plaintiff has the option to, at least in the alternative to the substantive response to the motion to dismiss, to propose an amended complaint and to say to the district court, Your Honor, we believe that we have more than adequately alleged our claims. However, recognizing this court's precedent, we are in the alternative, moving for leave to file an amended complaint. Right, but if they think their claim is plausible as pled, what would they put in their amended complaint? Your Honor, it's fact-dependent, but in this case, we see from the belated post-judgment proposed second amended complaint that the plaintiff did have additional detail to offer in that amended complaint. Nike argued in the alternative at the district court that in addition to all the other reasons why it was too late, that was also futile. And therefore, Your Honor, the plaintiff here did apparently have facts that she could have alleged beforehand. There was no indication that any of this was based on newly discovered evidence within the meaning of Rule 59 or Rule 60. And therefore, Your Honor, this court's case law does put the plaintiff at risk of having their Let me just stop. Yes, Your Honor. Was our opinion in Hennessy v. Gap published before you filed your motion to dismiss? Your Honor, I apologize, but I am not familiar with this court's decision in Hennessy v. Gap. Well, I suspect the district court may have found it, because it's almost on all fours with this case. And it makes it clear why the 12B6, there was a failure to state a claim. This specific claim, the plaintiff stated much more. The Gap plaintiff stated much more and got tossed.  And we affirmed. And, Your Honor, that along with the other cases that we studied in our brief would also support the dismissal with prejudice here. And in returning to the futility point So you don't think that case was mentioned in the briefs to the district court? Your Honor, I don't have any recollection of the Hennessy v. Gap case being mentioned in the briefs. It was hanging tag stuff. Understood, Your Honor. Thank you. And we will review that case, Your Honor, after. If I have to. Because the merits aren't at issue. Correct, Your Honor. And in returning to the issue of futility, Your Honor, the district court's decision does not create a circumstance where it could evade an over-review by not addressing futility because the onus is on the plaintiff to put forward the proposed amendments that the plaintiff contends would make amendment not futile. And so here, when you have a situation where, just as this court held in Parr v. Wolf Clinic and in Gomez, which cites the Mitan case, a motion to dismiss does put you on notice of the deficiencies in your complaint. The appellant says that adequate warnings from the district court are required, but not even the appellant-cited cases say that. Persistent violations of Rule 8 are not saying that you need persistent violations of Rule 8, which those cases don't even say are the exclusive circumstance where dismissal without prejudice is appropriate. That's still not tantamount to saying that you need adequate warnings from the district court. And this court has made that clear in Gomez and the other cases cited in our brief. And when you have a situation where the plaintiff chooses to stand on the amended complaint and doesn't follow this court's precedent in proposing any amendments that might cure those deficiencies, the district court is then entitled to presume that any type of attempt to amend would be futile. That's something that can arise by operation of this court's precedent. If the plaintiff doesn't show me why the proposed amendments are not futile, if you don't even propose any amendments at all, as this court held in Meehan and also in the Novistar case, the district court cannot be left to guess what it is that the plaintiff would have proposed that might make their complaint viable. And therefore, an express finding of futility, Your Honor, even though that was present in Knowles, it wasn't present in this case. It wasn't present in Mitchell. And you don't need that express finding of futility when the plaintiff herself has not demonstrated before the dismissal how it is that specific proposed amendments could cure the deficiencies in the complaint if the district court were to grant the motion to dismiss. And if there are no further questions, Your Honors, Nike respectfully asks this court to affirm the judgment of the district court in its entirety. Thank you. Thank you. I'll give you a minute for rebuttal. Thanks, judges. I just briefly wanted to address the issue of futility. The fact of the matter, the district court did recognize that a claim could be stated. The district court laid out what the plaintiff could have alleged in order to comply with Rule 8. You're going to have to talk less. Sorry, I apologize. Speak up and slow down. I apologize. The district court recognized that a claim could be stated. The district court delineated and specifically said what the plaintiff could have alleged in order to comply with Rule 8. Some of that information is some testing that we did in the interim between the time the motion to dismiss was filed and the court issued a ruling. However, two-thirds of the information that the court laid out in its order in order to allege a plausible claim under Rule 8 is really just the subjective opinion of the court. And if the plaintiff had an adequate warning and was told by the court in order to fix it, this is what you need to do. Not if the court had read Hennessy v. The Gap. You didn't have a plausible MLPA claim. Respectfully, you did issue that opinion before this case, so it is relevant. That case, if I recall, was a false price advertising case where I think that the plaintiff alleged that The Gap had fake sale prices. This case is a case where Nike labels their sustainability. It's the loss issue. With the benefit of the bargain issue. You become a cropper on the loss issue. Ascertainable loss is not before the court. And we allege that the plaintiff paid for products that were supposed to be made with recycled materials and they were not. And so the plaintiff did not suffer an ascertainable loss. She didn't receive the benefit of her bargain. And so I'll just leave it there, judges. I appreciate your time. We just respectfully request that this court vacate the judgment of the district court and remand it for entry of a judgment of dismissal without prejudice. Thank you for your time. Very good. Thank you, counsel. The case has been thoroughly briefed and the argument's been helpful. We'll take it under advisement.